SAYERS & SCOVILL CO. v. UNITED STATES.

No. J–563.

Court of Claims.
April 30, 1930.

George M. Wilmeth, of Washington, D. C., for plaintiff.

Ralph C. Williamson and Charles F. Kincheloe, both of Washington, D. C., for the United States.

Before BOOTH, Chief Justice, and GRAHAM, GREEN, LITTLETON, and WILLIAMS, Judges.

WILLIAMS, Judge.

The plaintiff seeks to recover the sum of $2,434.84, which it is alleged, was wrongfully assessed and collected as excise taxes under section 900 of the Revenue Acts of 1918 and 1921. The taxes were levied and collected on the manufacture and sale by the plaintiff, during the period from January, 1920, to February, 1923, of certain motor-propelled combination hearses and ambulances.

The question to be determined is whether such motor-propelled vehicles are subject to the 3 per cent. tax imposed by subdivision (1) section 900, in the respective Revenue Acts of 1918 and 1921, or at the rate of 5 per cent. tax imposed by subdivision (2) thereof.

The plaintiff during the time in question was engaged in the business of manufacturing and selling hearses, ambulances, limousines, passenger cars, and combination hearses and ambulances.

The taxes in question were levied on the manufacture and sale by the plaintiff of combination hearses and ambulances, there being no question raised as to the taxes assessed and collected on hearses and ambulances manufactured and sold as such respectively.

The vehicles on which the taxes sought to be recovered were collected, were designed, and constructed in such manner that they were adaptable for use, and were used by those to whom they were sold as either hearses, or ambulances, or both hearses and ambulances.

Section 900 of the Revenue Act of 1918 (40 Stat. 1122) provided:

"That there shall be levied, assessed, collected, and paid upon the following articles sold or leased by the manufacturer, producer, or importer, a tax equivalent to the following percentages of the price for which so sold or leased—

"(1) Automobile trucks and automobile wagons (including tires, inner tubes, parts, and accessories therefor, sold on or in connection therewith or with the sale thereof), 3 per centum;

"(2) Other automobiles and motor cycles (including tires, inner tubes, parts, and accessories therefor, sold on or in connection therewith or with the sale thereof), except tractors, 5 per centum. * * *"

(The provisions of section 900 of the Revenue Act of 1921 are identical.)

Pertinent articles of Regulations No. 47, promulgated by the Treasury Department for the proper administration of these acts, are:

"Art. 11. *Automobiles; Scope of tax.*—An automobile truck, automobile wagon, or other automobile is a self-propelling vehicle designed to transport along highways and roads persons or property or both.

"Where such vehicle is capable of transporting both property and persons, the primary use for which it is designed will control as to whether it is taxable at 3 per cent under subdivision (1) as an automobile truck or automobile wagon, or at 5 per cent under subdivision (2) as an 'other automobile.' * * *

"Art. 12. *Automobile trucks and automobile wagons.*—The tax is 3 per cent. of the price for which automobile trucks and automobile wagons are sold by the manufac-

turer. It applies to automobile trucks and automobile wagons primarily designed or adapted for transportation of property along highways and roads, although persons may incidently be transported at the same time. * * * Automobile hearses are taxable as automobile trucks or automobile wagons. * * *

"Art. 13. *Other automobiles and motor cycles.*—The tax is 5 per cent of the price for which such articles are sold by the manufacturer. It applies to automobiles primarily designed for carrying persons, although property may incidently be transported at the same time, as outlined in article 11, and to other automobile chassis as defined in article 15. * * *

"Automobiles that are designed and primarily adapted for the transportation of persons as distinguished from property, are taxable as 'other automobiles': For example, * * * ambulances. * * * "

Under article 13 of Regulation No. 47 ambulances are taxable under subdivision (2) at the rate of 5 per cent. of the sales price. Automobile hearses under article 12 are taxable at the rate of 3 per cent.

The plaintiff in its returns made monthly for the period from January, 1920, to February, 1923, inclusive, reported its sales of such combination hearses and ambulances as sales of hearses, and paid taxes thereon at the rate of 3 per cent. The commissioner later held that the proper rate on the sales of such vehicles is 5 per cent. and assessed and collected the additional taxes in question.

The provisions of the regulations that hearses are taxable at a rate of 3 per cent. and ambulances at a rate of 5 per cent. are reasonable and seem to be a correct interpretation of the statutes imposing these taxes. The plaintiff does not contend that ambulances, as such, are not properly taxable at the 5 per cent. rate. It does contend, however, that the vehicles in question cannot be properly classified as ambulances. It is urged that they are designed, manufactured, and sold primarily for use as hearses, and that this is controlling in determining the applicable tax rate; that their use as ambulances is secondary and incidental to the primary purpose for which they are intended, and in fact used; that as sold by the plaintiff they are hearses and not ambulances.

Unfortunately for the plaintiff's contention, it has stipulated (page 2, typewritten record of the evidence) that the motor vehicles in question are combination hearses and ambulances. The court is bound by this stipulation and has found the facts accordingly. They are manufactured and sold as combination hearses and ambulances.

If they are ambulances, they are none the less so because they can be and are also used for other purposes. These vehicles as sold and delivered by the plaintiff to its customers are completely equipped ambulances in every sense of the word. Before they can be used as hearses it is necessary to remove the accessories and ambulance equipment with which they are provided when delivered to purchasers.

We think the decision of the Commissioner that such motor-propelled combination hearses and ambulances are properly subject to the tax at the rate of 5 per cent. under the provisions of the Revenue Acts of 1918 and 1921 is correct.

The plaintiff's petition should be dismissed. It is so ordered.